CADILLAC AUTOMOBILE CO. *vs.* ANNA F. FISHER.

MAY 9, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

PER CURIAM. This is an action in assumpsit to recover on four promissory notes brought by the payee against the maker thereof. The case is here on defendant's exceptions to the admission of certain evidence and to the direction by the trial court of a verdict for the plaintiff.

This case has once before been in this court—see 52 R. I. 123—wherein may be found a full statement of the facts.

A general statement sufficient for the present consideration of this case is as follows: Defendant purchased—under a conditional bill of sale—an automobile from the plaintiff, paid a part of the purchase price and gave the notes in question in payment of the balance due. The purchase price included, among other charges, a premium of $37 for fire and theft insurance. Defendant agreed in writing "to keep the above car insured for at least $3,611.50 against fire, theft and collision during the life of this contract, policy to be made payable jointly to myself and the Cadillac Auto. Co. of Rhode Island, 'as their interest may appear,' said Cadillac Auto. Co. of Rhode Island to hold policy so long as this contract is in force. I agree to pay the cost of premium on said policy." After the policy was secured in accordance with the agreement between the parties, the insurance company, by letter of January 13, 1923, advised defendant that it had cancelled the insurance on the automobile so far as defendant's interest therein was concerned. Defendant denies the validity of this cancellation. In February following the automobile was stolen. After the theft of the automobile the insurance company delivered to plaintiff a sum of money equal to the amount due on said notes and demanded and received from the plaintiff a "borrowed and loan receipt." This receipt, dated May 12, 1923, stated in substance that the plaintiff had received $2,611.50 (the amount of the notes due) as a loan and that the same was repayable only to the extent of any net recovery made against defendant on account of the loss of the Cadillac automobile and that, as security for the payment of this loan, the plaintiff pledged said notes to the insurance company. The plaintiff further agreed to enter and prosecute a suit against defendant which suit was to be at the expense of and under the direction and control of the insurance company.

It is admitted that defendant has not paid the notes. No plea either in set-off or counter-claim was filed in this

case. No claim against the company under the policy was ever made by the defendant. The defense in this as in the former case was that plaintiff had been guilty of fraud.

The evidence in the case at bar is substantially the same as that presented in the former trial. We decided in that case that there was no evidence to support the claim of fraud. We refused to sustain plaintiff's exception to the refusal of the trial court to direct a verdict for the plaintiff for the reason that, as the "borrowed and loan receipt" had been excluded, the case had not been fully tried. In the case at bar this receipt as well as the provisions of the insurance policy are now before us. The direction of a verdict for plaintiff was correct and the exception thereto is overruled.

The exceptions to the evidence are to the admission of a rider attached to the policy of insurance subsequent to its issuance. Defendant contends that her rights under the policy are not affected by this rider. Plaintiff agrees that such is the fact and we so consider it at this time. The ruling on this evidence was immaterial to the decision of this case and it is unnecessary to further consider it.

At the time of the loss plaintiff had an insurable interest in the automobile and a claim under the policy against the insurance company. Both plaintiff and defendant claimed they were insured and that their rights against the insurer were distinct under the policy. There was no agreement between the parties as to whether defendant would be required to pay the notes in the event that a loss occurred. The "borrowed and loan receipt" was a statement of the agreement between the insurance company and plaintiff. As there was no evidence that said agreement was different in any way from that expressed in the receipt, such agreement is valid. *Colonial Finance Corp.* v. *Schacht Motor Co.*, 52 R. I. 317. The making of such agreement was not a fraud on the defendant and is no defense to this suit for the payment of the notes.

For the reasons stated all defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Henry M. Boss, Jr.*, for plaintiff.

*McGovern & Slattery, Edward Goldberger*, for defendant.